IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRED SWANIGAN,

        Petitioner,

  v.

RANDY GROUNDS, et al.,

        Respondent.
                                      /

No. C 11-4808 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the California Board of Parole Hearings ("Board").

## ANALYSIS

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

1 court must "specify all the grounds for relief which are available to the petitioner ... and shall
2 set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of
3 the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not
4 sufficient, for the petition is expected to state facts that point to a 'real possibility of
5 constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
6 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner claims that the denial of parole was not supported by sufficient evidence of his current dangerousness.  For purposes of federal habeas review, the federal constitutional right to due process entitles a California only to "minimal" procedural protections in connection with a parole suitability determination.  *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011).  The procedural protections are limited to an opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at 862.  Petitioner does not dispute that he received an opportunity to be heard and a statement of the reasons parole was denied.  The constitution does not require more.  *Ibid.*  The court in *Swarthout* explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement."  *Ibid.*  It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."  *Id.* at 863.  As the Supreme Court has determined that due process does not require that there be any amount of evidence to support the parole denial, petitioner's claim that the denial of parole was supported by insufficient evidence fails to establish grounds for habeas relief.

**CONCLUSION**

In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**.  Petitioner has failed to make a substantial showing that a reasonable jurist would find this

//

//

court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October  28 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\SWANIGAN4808.DSM.wpd